UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAUL JUAREZ, III<br><br>*Plaintiff,*<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>*Defendant.* | CIVIL ACTION NO. 5:21-cv-01087 |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES RAUL JUAREZ, III, Plaintiff in the above entitled cause, complaining of the UNITED STATES OF AMERICA, Defendant, and for cause of action would respectfully show the Court the following:

## I.
## PARTIES

1.1. Plaintiff, RAUL JUAREZ, III, is an individual residing in San Antonio, Bexar County, Texas.

1.2. Defendant, the UNITED STATES OF AMERICA, can be served by certified mail, return receipt requested, directed to the following:

   a) United States of America, Ashley C. Hoff, U.S. Attorney for the Western District of Texas, 601 NW Loop 410, Suite 600, San Antonio, Texas 78216, and:

   b) United States of America, U.S. Attorney General, Department of Justice, 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530.

## II.
## JURISDICTION AND VENUE

2.1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-3680 as it hereinafter more fully appears. Pursuant to 28 U.S.C. § 3675(a) the claims set forth herein were presented to the UNITED STATES OF AMERICA and the U.S. Marshals Service on or about April 29, 2021. More than six months have elapsed between the presentment of those claims and the filing of this Complaint. Because the U.S. Marshal Service has failed to make a final disposition of the claim within the requisite time, Plaintiff deems such failure to be constructive, but not a formal, denial of his claims.

2.2. This Court has jurisdiction over this controversy and the amount in controversy greatly exceeds the minimal requirements necessary for this Court's jurisdiction. Plaintiff has complied with all notice requirements necessary for this Court's jurisdiction. Plaintiff has complied with all notice requirements and has exhausted their administrative remedies under the Federal Torts Claims Act. Because the UNITED STATES OF AMERICA has never formally denied Plaintiff's claim, and said claim is brought within the applicable statute of limitations and is timely filed with this Court.

2.3. Venue is proper in the United States District Court, Western District of Texas, San Antonio Division, pursuant to the Federal Tort Claims Act and because a substantial part of the facts giving rise to the cause of action accrued within this District.

## III.
## FACTUAL BACKGROUND

3.1. On May 13, 2019, Robert Lee, a U.S. Marshal, negligently operated a motor vehicle and caused a collision with the Plaintiff, RAUL JUAREZ, III. Plaintiff, RAUL JUAREZ, III was operating a 2002 Chevrolet Silverado pickup truck while travelling home. Mr. Juarez came to a stop at the intersection of FM 1102 and FM 78 West when Mr. Robert Lee who was operating a Ford Expedition failed to control his speed, failed to pay attention and collided into the rear of Mr. Juarez's vehicle ("the Collision" and/or "the Incident").

3.2. The Investigating Officer, Christopher Milligan of the Cibolo Police Department responded to the scene of the collision, conducted an investigation and determined that Robert Lee caused the collision due to failing to control his speed and driver's inattention.

3.3. Robert Lee is a U.S. Marshal and was in the course and scope of his employment at the time of the collision.

3.4. As a result of Robert Lee's negligence, Plaintiff sustained personal injuries requiring medical examination and treatment. Further, Plaintiff suffered physical impairment, disfigurement, loss of wages, loss of earning capacity, and pain and mental anguish.

## IV.
## CAUSES OF ACTION

4.1. Plaintiff incorporates all factual allegations in this complaint herein and alleges the following causes of action against Defendant the UNITED STATES OF

AMERICA.

4.2. Plaintiff contends the UNITED STATES OF AMERICA is liable for Plaintiff's loss under the Federal Torts Claims Act, which states:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgement or for punitive damages. 28 U.S.C. § 2674.

4.3. Under the circumstances of this case, a private individual would be liable to Plaintiff for actions that constituted a wrongful act, neglect, carelessness, unskillfulness, or default and that caused the injuries to Plaintiff. Robert Lee was a U.S. Marshal and at all relevant times was acting within the scope of his employment for the U.S. Marshal Service. Robert Lee, owed Plaintiff statutory and common law duties to exercise reasonable care and prudence in the operation of the vehicle on the public roadways. Robert Lee breached that duty by the following acts and or omissions, independently and or collectively:

    A.    In failing to control his speed;

    B.    In following too closely;

    C.    In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    D.    In failing to apply the brakes in a timely manner to avoid the collision in question;

    E.    In failing to apply the brakes to avoid the collision in question;

    F.    In driving at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

    G.    In failing to turn, swerve, or otherwise maneuver the vehicle in order to avoid the collision in question;

  H. Due to faulty evasive action

  I. Due to driver's inattention; and

  J. In all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

4.4. As a result of Robert Lee's negligence, Plaintiff sustained personal injuries and damages for which Plaintiff hereby sues.

## V.
## DAMAGES

5.1. As a direct and proximate cause of the occurrence made the basis of this lawsuit, Plaintiff sustained damages and hereby sues to recover the following:

  A. Costs for reasonable and necessary medical care in the past and future;

  B. Physical pain and mental anguish in the past and future;

  C. Physical impairment in the past and future;

  D. Physical disfigurement in the past and future;

  E. Loss of wages in the past and future;

  F. Loss of earning capacity in the past and future; and

  G. Property damage.

## VI.
## CONDITIONS PRECEDENT

6.1. All conditions precedent to Plaintiffs' right to bring this civil action have been performed or otherwise occurred. Plaintiff properly presented the U.S. Marshals Service with a Form 95 giving notice of his claims on or about April 29, 2021. More than six months have elapsed between the presentment of those claims and the

filing of this complaint. Because the U.S. Marshals Service has failed to make a final disposition of the claim within the requisite time, Plaintiff deems such failure to be constructive, but not a formal, denial of his claim.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that, the UNITED STATES OF AMERICA, Defendant, be cited to answer and appear and that, upon a final hearing of the cause, judgment be entered for the Plaintiff for actual and special damages, together with pre- and post-judgment interest as allowed by law, costs of Court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**MARTIN, CUKJATI & TOM, L.L.P.**

Jeffrey J. Tom
State Bar No. 24056443
Jacob Cukjati
State Bar No. 24101188
1802 Blanco Road
San Antonio, Texas 78212
Telephone: (210) 223-2627
Facsimile: (210) 223-5052
Email: eservice@mcfirm.com

By: _/s/ Jeffrey J. Tom_
Jeffrey J. Tom
State Bar No. 24056443

ATTORNEYS FOR PLAINTIFF